```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x
                                    :
UNITED STATES OF AMERICA                 STIPULATION AND
                                    :    ORDER OF SETTLEMENT
          -v.-                           AS TO PETITION BY
                                    :    MARY O'HARA-DOWD
DENNIS DOWD,
                                    :    09 Cr. 217 (CM)

                    Defendant.      :
- - - - - - - - - - - - - - - - - -x

MARY O'HARA-DOWD,                   :

          Petitioner.               :

- - - - - - - - - - - - - - - - - -x
```

WHEREAS, on March 11, 2009, DENNIS DOWD (the

"defendant") was charged in a two-count Information, 09 Cr. 217

(CM) (the "Information"), with health care fraud, in violation of

18 U.S.C. §§ 1347 and 2 (Count One), and with engaging in

monetary transactions in property derived from specified unlawful

activity, in violation of 18 U.S.C. §§ 1957 and 2 (Count Two);

WHEREAS, the Information included a forfeiture

allegation providing notice that, as a result of the health care

offense charged in Count One, the defendant shall forfeit to the

United States, pursuant to 18 U.S.C. § 982(a)(7), all property,

real and personal, that constitutes or is derived, directly or

indirectly, from gross proceeds traceable to the commission of

the offense;

1

WHEREAS, the Information included a forfeiture allegation providing notice that, as a result of the money laundering offense charged in Count Two, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 982, all property, real and personal, involved in the money laundering offense and all property traceable to such property;

WHEREAS, on March 11, 2009, the defendant pled guilty to Counts One and Two of the Information pursuant to a plea agreement with the Government;

WHEREAS, under the terms of the plea agreement, the defendant admitted the forfeiture allegations in the Information with respect to Counts One and Two and agreed to forfeit to the United States, pursuant to 18 U.S.C. § 982: (i) a sum of money equal to $6,100,000 in United States currency, representing the amount of proceeds obtained as a result of the health care offense alleged in Count One, which includes the amount of property involved in the money laundering offense alleged in Count Two (the "Money Judgment"); and (ii) all right, title and interest of the defendant in the following specific properties:

(1)     One Blue 2007 Lexus RX350, bearing Vehicle Identification Number 2T2HK31U47C033899;

(2)     All funds and other property formerly on deposit at Wachovia Securities, LLC, Glen Allen, VA, in JTWROS Account Number 2776-7757/CAP Account Number 8885010864, in the name of Dennis M. Dowd and Mary O'Hara Dowd, and all property traceable thereto;

2

(3)   All funds and other property formerly on deposit
      at, and all funds and other property remaining on
      deposit at, Morgan Stanley, in Account Number
      249-096467, in the name of Dennis M. Dowd, and all
      property traceable thereto;

(4)   All funds and other property formerly on deposit
      at, and all funds and other property remaining on
      deposit at, Morgan Stanley, in Account Number
      249-096474, in the name of Dennis M. Dowd,
      Custodian for Ryan Christopher Dowd, and all
      property traceable thereto;

(5)   All funds and other property formerly on deposit
      at, and all funds and other property remaining on
      deposit at, Morgan Stanley, in Account Number
      249-097297, in the name of Dennis C. Dowd, and all
      property traceable thereto (the "Morgan Stanley
      297 Account");

(6)   All funds and other property formerly on deposit
      at, and all funds and other property remaining on
      deposit at, Pershing LLC, Account Number
      5NP-280170, in the name of Dennis M. Dowd, and all
      property traceable thereto;

(7)   The real property and appurtenances located at
      2834 Saint Bart's Square, Vero Beach, Florida
      32967;

(8)   The real property and appurtenances located at 72
      Freeport Avenue, Point Lookout, New York 11569
      (the "Point Lookout Property");

(collectively, the "Specific Properties");

        WHEREAS, in the plea agreement, the defendant admitted

that the Point Lookout Property and other Specific Properties are

forfeitable as property that constitutes or was derived from

proceeds obtained as a result of the health care offense alleged

in Count One, and as properties involved in the money laundering

3

offense alleged in Count Two, or property traceable to such
property;

  WHEREAS, on or about June 16, 2009, the Court entered a
"Stipulation and Preliminary Order of Forfeiture as to Specific
Properties" (the "First Preliminary Order of Forfeiture"), which
(1) imposed a money judgment (the "Money Judgment") against Dowd,
in the amount of $6,100,000, and (2) ordered the forfeiture to
the United States of all of his right, title and interest in the
Point Lookout Property and the Morgan Stanley 297 Account;

  WHEREAS, on or about September 22, 2009, the Court
entered a "Second Preliminary Order of Forfeiture as to Specific
Properties" (the "Second Preliminary Order of Forfeiture"),
forfeiting all of the defendant's right, title and interest in
the following:

  (i)    Hitachi Deferred Compensation Plan, RPS Plan
         Number 114651, held in the name of Dennis
         Dowd at JPMorgan Chase Bank, N.A. (the
         "Deferred Compensation Plan"); and

  (ii)   Hitachi Employee 401(k) Retirement Plan, RPS
         Plan Number 35970, held in the name of Dennis
         Dowd at JPMorgan Chase Bank, N.A. (the
         "401(k) Plan"); and

  (iii)  The real property and appurtenances located
         at 3154 Stoneleigh Court, Yorktown Heights,
         New York 10598, which is held in the names of
         Dennis Dowd and Mary Dowd (the "Yorktown
         Heights Property");

  (iv)   An undivided .1869 % interest, held in the
         names of Dennis Dowd and Mary Dowd, in Unit
         39 of the Disney Vacation Club at Walt Disney
         Resort, a leasehold condominium according to

4

the Declaration of Condominium thereof as
recorded in Official Records Book 4361, Page
2551, Public Records of Orange County,
Florida, and all amendments thereto (the
"Disney Timeshare");

WHEREAS, in the Second Preliminary Order of Forfeiture,
the Court found that the Government had shown, by a preponderance
of the evidence, that at least approximately $168,043 worth of
payments that were made on a mortgage on the Yorktown Heights
Property are traceable to the proceeds of the offense charged in
Count One;

WHEREAS, on or about July 16, 2009, the defendant was
sentenced and ordered to pay a forfeiture money judgment in the
amount of $6,100,000;

WHEREAS, Mary O'Hara-Dowd (the "Petitioner") submitted
a "Petition For A Hearing to Adjudicate the Validity of
Claimant's Interest" (the "Petition"), dated October 23, 2009,
asserting an interest in the following:

    (1)    the Point Lookout Property;

    (2)    the Deferred Compensation Plan;

    (3)    the 401(k) Plan;

    (4)    the Yorktown Heights Property;

    (5)    the Disney Timeshare;

(collectively, the "Subject Property");

WHEREAS, on January 7, 2010, the United States filed an
application for a writ of garnishment;

5

WHEREAS, on January 11, 2010, the Court granted the application for the writ of garnishment;

WHEREAS, in or about March 2010, Petitioner submitted an Objection to Notice of Garnishment, dated March 5, 2010;

WHEREAS, the parties have reached an agreement in these proceedings and wish to settle without resort to further litigation;

WHEREAS, the Government has agreed to request that the Court vacate the Second Preliminary Order of Forfeiture as to the Yorktown Heights Property and to extinguish its *lis pendens* on that property and, in return, Petitioner has agreed to not contest forfeiture and garnishment of, and to withdraw her petition and any all claims to, the following: (1) the Point Lookout Property, (2) the Deferred Compensation Plan, (3) the 401(k) Plan, and (4) the Disney Timeshare;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED that:

1.    The United States agrees to execute a Notice Extinguishing Lis Pendency as to the Yorktown Heights Property.

2.    Petitioner agrees to withdraw any and all claims and/or petitions filed by her, or on her behalf, in any administrative or judicial forfeiture proceedings regarding the Point Lookout Property, the Deferred Compensation Plan, the 401(k) Plan and the Disney Timeshare (collectively, the "Released

6

Assets"), including the "Petition For A Hearing to Adjudicate the
Validity of Claimant's Interest," dated October 23, 2009, and her
"Objection to Notice of Garnishment," dated March 5, 2010.

      3.    JPMorgan Retirement Plan Services or Hitachi
America Ltd. (collectively, the "Garnishee") shall liquidate and
turn over all funds and other assets in the 401(k) Plan to the
United States, by check made payable to the Clerk of the Court,
and mail said check to the United States District Court, 500
Pearl Street, New York, New York 10007, attn: Cashier.

      4.    Petitioner is hereby barred from asserting any
claim against the United States of America ("USA"), the
Department of Justice ("DOJ"), the United States Attorney's
Office for the Southern District of New York ("SDNY-USAO"), the
Department of Investigation ("DOI"), the Internal Revenue Service
("IRS"), or any agents and employees of the USA, the DOJ, the
SDNY-USAO, the DOI, the IRS, and from assisting others in
asserting any such claim, in connection with the seizure and/or
forfeiture of the Subject Property, including but not limited to
any claim that there was no probable cause to seize and hold the
Subject Property, that the Petitioner is a prevailing party, or
that the Petitioner is entitled to attorney's fees or any award
of interest.

7

5.    Upon the Court's endorsement of this Settlement Stipulation, the Second Preliminary Order of Forfeiture is vacated as to the Yorktown Heights Property.

6.    Mary O'Hara Dowd's "Petition For A Hearing to Adjudicate the Validity of Claimant's Interest," dated October 23, 2009, is hereby dismissed with prejudice.

7.    The signature pages of this stipulation may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.  Fax copies shall be treated as originals.

8.    Petitioner hereby agrees to waive all rights to appeal or otherwise challenge or contest the validity of this Stipulation and Order.

9.    This Stipulation and Order shall in no way constitute any reflection upon the merits of the claims and defenses asserted respectively by the Plaintiff and the Petitioner.

10.   Each party shall bear its own costs and attorneys fees.

11.   The Clerk of the Court shall forward four certified copies of this Order to Assistant United States Attorney, Anna E. Arreola, One St. Andrew's Plaza, New York, New York 10007.

8

Dated:     New York, New York
           April __, 2010

Agreed and consented to:

           PREET BHARARA
           United States Attorney for the
           Southern District of New York
           Attorney for Plaintiff

By:   _____          April 29, 2010
           ANNA E. ARREOLA                       DATE
           Assistant United States Attorney
           One St. Andrew's Plaza
           New York, New York 10007

           KATHLEEN ZEBROWSKI
           Assistant United States Attorney
           86 Chambers Street
           New York, New York 10007
           (212) 637-2218/2710

           MARY O'HARA DOWD, Petitioner

By:   _____          April 23, 2010
           MARY O'HARA DOWD                      DATE

By:   _____          April 23, 2010
           WILLEM H. GRAVETT, ESQ.               DATE
           ATTORNEY FOR MARY O'HARA-DOWD
           Gravett & Gravett
           100 South Bedford Road, Ste. 340
           Mount Kisco, NY 10549

SO ORDERED:

_____
HONORABLE COLLEEN McMAHON
UNITED STATES DISTRICT JUDGE

4-30-2010

9